Manly, J.
 

 The judgment of the Court below, upon the special finding of the jury, was erroneous. The leading facts of the finding are, that the man, Fisher, upon whom the battery was committed, had been hired to one Peacock, to pay the penalty in a case of misdemeanor, and therefore stood, by the terms of the law, Rev. Code, ch. 107, sec. 75, in the relation of apprentice to Peacock. Peacock assented to the battery. The battery was committed to compel Fisher to furnish evidence of his own guilt, upon an accusation of homicide.
 

 No free person, of whatsoer color, can, according to law, be thus coerced. It cannot be done by the person who stands in the relation of master, and his assent, therefore, cannot legalise it. It is unnecessary, as we think, to enter upon a general discussion of the relation between master and apprentice under this law of the Code; for, however it may be as to their respective rights and duties, in other respects, we are clear the master cannot whip for an unlawful purpose. If the apprentice, under the law, be in the condition of one who can be whipped for correction, and we hold the man may be whipped for such an object, still, the power of punishment, in this way, would be restricted to lawful objects, and if, under pretense of correction, the master whipped of malice, or, which we regard as equivalent, for an illegal object, it would be a
 
 *222
 
 violation of law. Where one has a discretionary power of whipping for correction, and resorts to it in good faith, the law will not hold him to an account for any error of judgment in respect to the need for it, or in respect to the amount, unless it be grossly excessive. But it is different where the whipping is inflicted for an unlawful object, or of malice. In such cases, every blow is an unlawful battery. It has been thought proper, by the Legislature, to place the negro convict, who is sold for the pecuniary penalty annexed to his offense, in the condition of an apprentice. This relation we find regulated by general principles, and to the benefit of them the man is entitled in this case. The five blows inflicted under the circumstances, make it a case of minor importance; but nevertheless, we think, for the reasons given, that it is technically an indictable battery.
 

 The judgment below should be reversed, and judgment entered on the verdict for the State. To this end, this opinion will be certified.
 

 Per Curiam,
 

 Judgment reversed.